# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES O'CONNOR, | ) |
|           Plaintiff, | ) CIVIL ACTION |
| | ) NO.: |
| v. | ) |
| BLAISE ALEXANDER II, INC. D/B/A BLAISE ALEXANDER CHRYSLER JEEP, and BLAISE ALEXANDER | ) **JURY TRIAL DEMANDED** |
| | ) *ELECTRONICALLY FILED* |
|           Defendants. | ) |

## COMPLAINT

Plaintiff, JAMES O'CONNOR, a resident of Baltimore County, Maryland, by and through his attorneys, WEISBERG CUMMINGS, P.C., brings this civil action pursuant to the Pennsylvania Wage Payment and Collection Law, 43 P.S. §260.1 *et seq.* (the "PWPCL") for damages against the above-named Defendants, BLAISE ALEXANDER II, INC. D/B/A BLAISE ALEXANDER CHRYSLER JEEP and BLAISE ALEXANDER, demands a trial by jury, and complains and alleges as follows:

## THE PARTIES

1. Plaintiff, James O'Connor ("Mr. O'Connor"), is an adult individual residing in Owings Mills, Baltimore County, Maryland.

2. Defendant, Blaise Alexander II, Inc. d/b/a Blaise Alexander Chrysler Jeep ("Blaise Chrysler Jeep"), is a Pennsylvania business corporation with a registered office address of 10 Alexander Drive, Muncy, Lycoming County, Pennsylvania.

3. Defendant, Blaise Alexander ("Mr. Alexander," and collectively with Blaise Chrysler Jeep as "Defendants"), is an adult individual who currently resides in Muncy, Lycoming County, Pennsylvania, and at all times relevant to this Complaint, Mr. Alexander was the Chief Executive Officer of Blaise Chrysler Jeep, and as a corporate officer, was personally liable for the unpaid wages, interest, penalties, and liquidated damages sought in this lawsuit.

4. At all times relevant to this Complaint, Mr. Alexander had an ownership interest in Blaise Chrysler Jeep, was employed or otherwise engaged in a managerial capacity with Blaise Chrysler Jeep, and is currently a resident of the Commonwealth of Pennsylvania.

5. At all times relevant to this Complaint, Blaise Chrysler Jeep and Mr. Alexander were employers within the meaning of the PWPCL as asserted in this lawsuit.

6. At all times relevant to this action, Blaise Chrysler Jeep and Mr. Alexander acted as joint employers of Plaintiff.

## JURISDICTION AND VENUE

7. The jurisdiction of this District Court is based on diversity of citizenship, pursuant to 28 U.S.C. § 1332. Plaintiff is of diverse citizenship of each Defendant; namely, Plaintiff is a resident of the State of Maryland and Blaise Chrysler Jeep is organized under the laws of Pennsylvania and Mr. Alexander is a resident of the Commonwealth of Pennsylvania who resides in Lycoming County, Pennsylvania. The amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, pursuant to the PWPCL. Therefore, the diversity of citizenship and amount in controversy elements of subject matter jurisdiction are met. The Court has supplemental jurisdiction over the PWPCL claim.

8. Venue is proper in the Middle District of Pennsylvania pursuant to 28 U.S.C § 1391(a) because Defendants reside in this Judicial District and a substantial part of the events or omissions giving rise to these claims occurred in this Judicial District.

## STATEMENT OF FACTS

9. Mr. O'Connor was employed by Defendants at Blaise Chrysler Jeep, an automotive dealership located at 1080 East College Avenue, State College, Pennsylvania. Mr. O'Connor was employed by Defendants for ten (10) years until he resigned from his employment with Defendants in May 2021.

10. Mr. O'Connor began working for Blaise Chrysler Jeep in or around 2011 in the Dealership's Sales Department.

11. In or around June 2017, Mr. O'Connor was promoted to the position of Sales Manager.

12. At all times relevant to this Complaint, Mr. Alexander was the Chief Executive Officer of Blaise Chrysler Jeep and, as such, was authorized to act on behalf of Defendants in regard to Mr. O'Connor's employment.

13. At all times relevant to this Complaint, Michael Warner was the General Manager of the Blaise Chrysler Jeep and, as such, was likewise authorized to act on behalf of Defendants in regard to Mr. O'Connor's employment.

14. In consideration of his employment as Sales Manager with Blaise Chrysler Jeep, Mr. O'Connor was paid a monthly commission payment by Defendants based on a scaling percentage of his gross profits (the "Commission Agreement").

15. Mr. O'Connor received a monthly commission payment from the Blaise Chrysler Jeep based on Mr. O'Connor's monthly gross profit sum, which was calculated with a formula agreed upon by Mr. O'Connor and Defendants.

16. Mr. O'Connor's monthly gross profit sum calculated by taking his monthly gross sales number, adding or subtracting any charge backs, adding or subtracting any wholesale figures, and adding a sum reflective of a percentage of payments made to Blaise Chrysler Jeep by vehicle manufacturers as part of a volume growth program (the "VGP").

17. After the gross profit figure was calculated, Mr. O'Connor received a commission payment based on the shifting percentage of the gross profit figure, which ranged from 2.75% to 3.5%.

18. Mr. O'Connor's gross profit figures were miscalculated and/or manipulated, resulting in Defendants understating his commissions and paying him less wages than he earned.

19. Particularly, the figures for wholesale profits and VGP payments were routinely omitted from Mr. O'Connor's monthly gross profit sum, ultimately adversely affecting his monthly commission payments.

20. As a result, Mr. O'Connor was underpaid commission payments throughout his tenure as Sales Manager for the Dealership.

21. Specifically, Plaintiff was underpaid by Defendants in excess of $75,000 worth of commission payments spanning his tenure as Sales Manager, from 2017 until May 2021, which resulted in unpaid wages pursuant to the PWPCL.

22. Mr. O'Connor voluntarily resigned from his employment with Defendant in or around May 2021.

23. Mr. O'Connor has not, as of the date of this Complaint, received payment for his unpaid commission payments from Defendant.

24. Defendants' underpayment of Mr. O'Connor's commission payments constitutes unpaid wages in the Commonwealth of Pennsylvania pursuant to the PWPCL. Accordingly, wages are due and owing to Mr. O'Connor pursuant to Section 260.3(a) of the PWPCL.

## COUNT I

### VIOLATIONS OF THE PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW
*Failure to Pay Wages*
**(James O'Connor v. All Defendants)**

25. All prior paragraphs are incorporated herein as if set forth full below.

26. The PWPCL provides a statutory remedy for an employee when an employer breaches a contractual obligation to pay earned wages.

27. Defendants are each an "employer" as that term is defined under the PWPCL, and is thereby subject to liability for wages, liquidated damages and reasonable attorneys' fees for non-payment of salary and/or wages under the PWPCL, 43 Pa.C.S. § 260.1, *et seq*.

28.     The PWPCL defines "wages" as "all earning of an employee, regardless of whether determined on time, task, piece, *commission* or other method of calculation." 43 Pa.C.S. § 260.2a (emphasis added).

29.     Per the terms of the Commission Agreement, the Dealership agreed to pay Mr. O'Connor a commission payment based on a sliding-scale percentage of his monthly gross profit figure.

30.     The Dealership consistently underestimated Mr. O'Connor's gross profit figure and resultingly underpaid Mr. O'Connor's commission payments.

31.     The amount due to Mr. O'Connor constitutes wages under §260.10 of the PWPCL, and failure to pay the amount due constitutes a violation of the PWPCL.

## **PRAYER FOR RELIEF ON COUNT I**

WHEREFORE, Named Plaintiff, James O'Connor, respectfully request that this Honorable Court enter Judgment in his favor and against Defendants, Blaise Alexander II, Inc., d/b/a Blaise Alexander Chrysler Jeep and Blaise Alexander, jointly and severally, as follows:

A.     Declare and adjudge that Defendants' employment decisions, policies, practices, and/or procedures challenged herein are harmful and in violation of the PWPCL;

B.     Award back pay to Mr. Mr. O'Connor for unpaid commissions in excess of $75,000; interest on the unpaid commissions, including a sum to compensate Mr. O'Connor for any increased tax liability on a lump-sum award of back pay;

    C.    Award liquidated damages to Mr. O'Connor in the maximum amount available under the PWPCL;

    D.    Award litigation costs and expenses, including, but not limited to, reasonable attorneys' fees, to Mr. O'Connor;

    E.    Award Mr. O'Connor pre-judgment and post-judgment interest available under the PWPCL;

    F.    Award Mr. O'Connor any other appropriate equitable relief; and

    G.    Award Mr. O'Connor any additional relief that this Court deems just and proper.

## DEMAND FOR JURY

Pursuant to Federal Rule of Civil Procedure 38(b) and otherwise, Plaintiff respectfully demands a trial by jury.

Dated: December 3, 2021

Respectfully submitted,

**WEISBERG CUMMINGS, P.C.**

*/s/ Michael J. Bradley*
Michael J. Bradley, Esquire
PA I.D. #: 329880
mbradley@weisbergcummings.com

*/s/ Derrek W. Cummings*
Derrek W. Cummings, Esquire
PA I.D. #: 83286
dcummings@weisbergcummings.com

*/s/ Larry A. Weisberg*
Larry A. Weisberg, Esquire
PA I.D. #: 83410
lweisberg@weisbergcummings.com

*/s/ Steve T. Mahan*
Steve T. Mahan, Esquire
PA I.D. #: 313550
smahan@weisbergcummings.com

2704 Commerce Drive, Suite B
Harrisburg, PA 17110-9380
(717) 238-5707
(717) 233-8133 (Fax)

*Counsel for Plaintiff*
